IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHALONDA L. THOMPSON SPEARS

    PLAINTIFF

V.                                                                         CIVIL ACTION NO.:   3:20cv275-MPM-RP

AT&T MOBILITY SERVICES, LLC              Jury Trial Requested

    DEFENDANT

## COMPLAINT

COMES NOW, Plaintiff, Shalonda L. Thompson Spears, by and through her attorney, pursuant to the Federal Rules of Civil Procedure, and hereby files this Complaint, and states unto the Court the following:

### A. PARTIES

1. Plaintiff, Shalonda L. Thompson Spears is an individual citizen of the State of Mississippi. She had formerly worked at and later re-applied for a position with Defendant.

2. Defendant, AT&T Mobility Services, LLC is a foreign limited liability company registered to do business in the state of Mississippi. Their local address in this district is 1805 Jackson Avenue West, Oxford, Mississippi. This Defendant's registered agent for the State of Mississippi is C.T. Corporation System, 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232.

### B. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-2 and §12117.

4. The venue properly lies in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f).

## C. FACTS

5. Plaintiff worked for Defendant's Oxford, Mississippi store as a retail sales representative from August 2009 to about May 2019.

6. Plaintiff learned in 2018 that she suffered from a medical condition known as avascular necrosis or osteonecrosis. This condition causes a lack of blood supply to bone tissue which can ultimately lead to the death of bone tissue. For Plaintiff, this medical condition started affecting her hip bones and thus her ability to walk and stand.

7. Due to the worsening of her condition, she started using a cane and later a wheelchair around July 2018, even while she was working for Defendant. During that time, Plaintiff was able to perform the essential functions of her job as a sales representative.

8. From November 2018 to May 2019, Plaintiff went on short-term disability and medical leave due to complications with her disability while her physician helped figure out how to slow down the worsening of her condition.

9. In May 2019, Defendant terminated Plaintiff when Plaintiff's medical leave and short-term disability had ended.

10. During the fall of 2019, Plaintiff's medical condition stabilized to the point that she could go back to work doing the same type of work she had been performing at Defendant's store. Although she was in a wheelchair, she was ready, willing, and able to work.

11. On December 12, 2019, Plaintiff inquired about re-applying for her old job at AT&T at the same store. She inquired with Justin Orange, the store manager at the time. Plaintiff

was in a wheelchair at the time. Orange had been a sales representative with Plaintiff during the last year or so that Plaintiff had worked with Defendant.

12. Orange told Plaintiff that he would not re-hire Plaintiff due to her current situation and the culture of the store that he had created.

13. Not long thereafter, Plaintiff filed an internal complaint with the Human Resources ethics hotline with AT&T regarding Orange's discriminatory comments to her.

14. Around December 14, 2019, Plaintiff officially re-applied for a retail sales position with the Oxford, Mississippi AT&T store. This was the same or similar position that she had had for about 10 years.

15. Justin Orange, the store manager, Austin Morse, the Area Manager, and Shani Grace, the assistant store manager interviewed for the job on January 10, 2020. Just prior to the interview, Plaintiff learned that Defendant had already offered the job to a non-disabled male applicant with little or no experience with Defendant as a sales representative.

### D. COUNT ONE
### UNLAWFUL DISCRIMINATION IN VIOLATION
### OF THE AMERICANS WITH DISABILITIES ACT

16. Plaintiff timely notified the Equal Employment Opportunity Commission (EEOC) about her claim of discrimination against the Defendants. The EEOC allowed her to file her charge. Plaintiff eventually received a Notice of Right to Sue from the EEOC within ninety (90) days of the filing of this Complaint.

17. Defendant was at all times relevant an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111.

18. Plaintiff was at all times relevant to this lawsuit a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12111.

19. Defendants intentionally discriminated against Plaintiff because of her disability or perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, by refusing to hire her for a position she was qualified for in a capacity she was already familiar with and established.

### E. COUNT TWO
### UNLAWFUL RETALIATION IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT

20. Defendant also retaliated against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, by refusing to her hire because Plaintiff engaged in protected activity by complaining to AT&T's HR department about the store manager's discriminatory comments to Plaintiff about not hiring her because she did not fit the part due to her disability.

### F. DAMAGES

21. Plaintiff suffered the following injuries as a direct and proximate result of Defendants' conduct:

   (a) Plaintiff suffered loss of wages and benefits and other pecuniary losses.

   (b) Plaintiff was also caused to suffer embarrassment, humiliation, anxiety, and emotional distress, among other things.

   (c) Plaintiff is entitled to punitive damages based upon the intentional nature of Defendant's discrimination and retaliation against her.

### F. ATTORNEYS FEES AND COSTS

22. Plaintiff is entitled to an award of attorney's fees, expert witness fees, and costs pursuant to 42 U.S.C. §12117 and 42 U.S.C. §2000e-5(k).

## G.  PRAYER

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff requests that, after a trial by jury, the Court enter a judgment for Plaintiff awarding Plaintiff the following relief:

1. Back pay, value of lost benefits, and front pay in an amount to be proved at trial;

2. Compensatory damages for emotional distress and mental anguish in an amount to be proved at trial;

3. Punitive damages in an amount to be proved at trial;

4. Pre-judgment and post judgment interest;

5. Reasonable attorney fees, expert witness fees, and costs; and

6. Such other general and specific legal and/or equitable relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ James D. Harper*
James D. Harper, MS Bar No. 99386
Harper Little, PLLC
800 College Hill Road, #5201
P.O. Box 3150
Oxford, Mississippi 38655
Tel:   662-234-0320
Fax:   662-259-8464
james@harperlittlelaw.com

*Attorney for Plaintiff*

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff Shalonda L. Thompson Spears, in accordance with Federal Rule of Civil Procedure 38, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands a trial by jury on all issues.

/s/ *James D. Harper*
James D. Harper

*Attorney for Plaintiff*